United States District Court
Southern District of Texas
**ENTERED**
October 20, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff, | § | |
| | § | |
|     v. | § | CRIMINAL NO. 2:16-706-17 |
| | § | |
| DAISY CRUZ ORTIZ, | § | |
|   Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Daisy Cruz Ortiz' letter motion to reconsider her sentence. D.E. 676.

**I. BACKGROUND**

In 2017, Defendant pled guilty to conspiracy to possess with intent to distribute 28 grams of cocaine base. She has served 37 months (62%) of her 60-month sentence and has a projected release date, after good time credit, of December 1, 2021. She now moves the Court to reduce her sentence to time served or to order that she be allowed to serve the remainder of her sentence on home confinement.

**II. MOTION FOR SENTENCE REDUCTION**

The statute, 18 U.S.C. § 3582(c), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**The court may not modify a term of imprisonment once it has been imposed except that—
>     (1) in any case—
>         (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after

1

considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction, or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . .

18 U.S.C. § 3582(c).

The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

**(A) Medical Condition of the Defendant.—**
(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—
(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**
The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**
(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. –**
As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Defendant moves the Court to reduce her sentence to time served because she has "maintained very good behavior" while incarcerated. D.E. 676, p. 1. While the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii). Here, Defendant's sentencing range has not been lowered; she has not shown that a reduction is permitted by statute or by Rule 35; and she is not elderly, nor has she identified any medical condition, family circumstance, or other extraordinary or compelling reason that would qualify her for compassionate release. Because Defendant has failed to show that she qualifies for relief under the limited circumstances set out in § 3582(c), her request for a sentence reduction is denied.

**III. MOTION FOR HOME CONFINEMENT**

The BOP has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(b). To the extent Defendant challenges the conditions of her confinement, her initial

remedy is by administrative action within the BOP. The proper vehicle to thereafter challenge the BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted). However, a defendant must first exhaust his or her available administrative remedies through the BOP before litigating in federal court. *United States v. Wilson*, 503 U.S. 329, 335 (1992). Because Defendant has not shown that she has exhausted her administrative remedies through the BOP, the Court may not grant the relief she seeks at this time.

## IV. CONCLUSION

For the foregoing reasons, Defendant's letter motion to reconsider her sentence (D.E. 676) is **DENIED**.

It is so **ORDERED** this 20th day of October, 2020.

 

_____

JOHN D. RAINEY

SENIOR U.S. DISTRICT JUDGE